GEORGE W. WINSOR, JUNIOR, *vs.* THE ODD FELLOWS' BENE-
FICIAL ASSOCIATION.

The by-laws of a benevolent association provided that on the death of a member a sum of money should be paid " to the widow of such member if there be one; if he leaves -no widow, then to the child or children or their lawful guardian for them, share and share alike. Should the deceased member leave no widow, child, or children, the money shall be paid to such person as he may have designated in writing."
*Held,* that the words " child or children " must be taken in their primary meaning, and could not be extended to include grandchildren.

ASSUMPSIT. Heard by the court on the following agreed state-ment of facts :

" Jury trial in this case is waived, and the parties agree to sub-mit it to the court upon the following statement of facts :

" 1. George W. Winsor was in his lifetime a member of the defendant association, which became liable thirty days after proof of the death of such member to pay the sum of one thousand dol-lars to his widow, or if he leave no widow then to his child or children, or their lawful guardian for them, share and share alike. See article 6, sec. 1, of the by-laws of the association annexed to and made part of this statement.

" 2. George W. Winsor died February 13, 1880, leaving no widow but leaving one son, the plaintiff in this case, and one granddaughter, the only child of his deceased daughter, and an infant without lawful guardian."

Article 6, sec. 1, of the defendant's by-laws is as follows :

" The family of any member of this association in good stand-

ing, who is a contributing member of a subordinate lodge or encampment, except as provided by these by-laws, shall be entitled to benefits ; and upon proof of the death of any such member, the President and Secretary shall, when ordered by the Board of Directors, — which shall be done within thirty days after such proof, — sign a draft upon the Treasurer for the sum of one thousand dollars, which shall be paid by the Treasurer out of any funds in his hands, to the widow of such member if there be one ; if he leaves no widow, then to the child or children, or their lawful 'guardian for them, share and share alike.  Should the deceased member leave no widow, child, or children, the money shall be paid to such person as he may have designated in writing, under his hand, duly witnessed upon the back of his certificate or otherwise.  Provided : that in case there is no claimant under the foregoing provisions, a suitable lot shall be purchased in which to bury said brother, and a tombstone erected to his memory, and the balance of the money shall become a part of the funds of this association."

*December* 3, 1880.  DURFEE, C. J.  We should be very much inclined to hold that the word " children," as used in art. 6, sec. 1, of the by-laws of the defendant association, is broad enough to include grandchildren, the children of a deceased child, such grandchildren to take in lieu of their parent by representation, if we could find in the charter or by-laws any language to warrant this construction, inasmuch as this construction is completely consonant with the spirit and purposes of the association.  We have not however been able to find any such language.  We know of no precedent in point.  The only cases that we think of which afford an analogy are cases relating to the' use of the word in wills.  Those cases hold that the word is to be understood in its simple and primary signification, when it can be so understood, and that it cannot be held to include grandchildren unless it is necessary to hold so in order to give effect to the words of the will, or to the evident intent of the testator.  2 Redfield on Wills, 2d ed. 15–18 ; 2 Jarman on Wills, 135, *sq.*, 5th Amer. ed. 690.  These cases do not give countenance to the construction for which the defendant contends. ` To reach that construction it is necessary to take two steps away from the letter of the by-law.  The

first step is to hold that the word children includes grandchildren. The second step is to hold that grandchildren, though designated by the word children, do not take directly and *per capita* like the children, but only through their deceased parent by representation. To take these two steps would be rather to supply what may be supposed to be a defect or omission in the by-law than simply to interpret it. We therefore give the plaintiff judgment for the full amount of his claim.

*Judgment for plaintiff for $900, with interest from date of writ and costs.*

*Ballou & Jackson,* for plaintiff.
*Edwin Metcalf,* for defendant.